Richardson, J.
delivered the opinion of the Court.
After the verdict, it cannot be questioned, that the balance of the $340, advanced by Scofield to Kinsler, amount-, ed to $160 50. But, as the original sum of $340, had' been deposited with Kinsler, for an indefinite amount of brick and gravel, no balance could be struck, until all such materials had been delivered to Scofield. Such final delivery appears from the evidence, to have occurred on the 6th August, 1846. Until that time, Kinsler was merely Scofield’s depository, for a certain and defined appropriation of the $340. But, after that purpose was answered, Kinsler stood as to the nett balance, as one, to whom cash had been lent, or who had used another’s money — i. e. he was liable for the balance, from the 6th August; and also for the interest. Because he kept the money from that time, for no purpose of Scofield ; and it may be inferred, that he used the money for his own purposes. See C. & J. Bulow v. G. & Co. 1 N. and McC. 45, to justify the charge of interest, in cases of the imputed use of another’s money. In a word, the rational construction of the contract, is, that Kinsler was to repay the overplus of money, as soon as he had furnished the last of the brick and gravel. If, for instance, he had furnished none, interest would have been due, from the date of the advancement, upon the inference that he employed it for his own use; and the same principle applies equally to the nett balance in hand, after the specific purpose of Kinsler had been answered. Lastly, and for the same reasons, Scofield was not obliged to make a specific demand of the balance ; i. e. Kinsler cannot be put upon the footing of a Sheriff, a bank, or general factor, who collected money, simply to be kept to abide orders. Such was not Kinsler’s agency. — ■ "We, therefore, concur with the presiding Judge, as to the time of the interest; and a new trial must of course be *485 ordered, unless-the plaintiff remits so much of the interest as is allowed by the jury, from the 25th March to the 6th August, 1846.
O’Neall, J. Evans, J. Frost, J. and Withers, J. ¡concurred.

New trial granted nisi.